NO. 07-05-0466-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 20, 2006


 ______________________________



KENNETH M. ROMERO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;



NO. 2005-494062; HONORABLE DRUE FARMER, JUDGE


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Kenneth M. Romero has given notice of appeal from a conviction and 
sentence for Driving While Intoxicated, 2nd. The appellate court clerk received and filed the
trial court clerk's record on March 15, 2006, and received and filed the trial court reporter's
record on May 19, 2006. 

 By letter dated June 27, 2006, the appellate clerk reminded counsel for appellant
that appellant's brief was due on June 19, 2006, and that neither the brief nor a motion for
a further extension of time had been received. Counsel for appellant was further advised
by such letter that if no response to the letter was received by July 7, 2006, the appeal
would be abated to the trial court for hearing pursuant to Rule of Appellate Procedure
38.8(b). No response to this court's clerk's June 27 letter has been received.

 Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex.
R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: 

 (1) whether appellant desires to prosecute this appeal; 


 if appellant desires to prosecute this appeal, then whether appellant
is indigent, and if not indigent, whether counsel for appellant has
abandoned the appeal; 
 if appellant desires to prosecute this appeal, whether appellant's
present counsel should be replaced; and
 what orders, if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss appellant's appeal
if appellant does not desire to prosecute this appeal, or, if appellant
desires to prosecute this appeal, to assure that the appeal will be
diligently pursued.


 

If the trial court determines that appellant is indigent and that the present attorney for
appellant should be replaced, the court shall cause the clerk of this court to be furnished the
name, address, and State Bar of Texas identification number of the newly-appointed
attorney. 

 In support of its determination, the trial court shall prepare and file written findings of
fact and conclusions of law and cause them to be included in a supplemental clerk's record. 
The hearing proceedings shall be transcribed and included in a supplemental reporter's
record. Those supplemental records shall be submitted to the clerk of this court no later than
August 21, 2006.


 Per Curiam

Do not publish. 



nt-family: Arial"> An untimely notice of appeal or a notice of appeal which does not contain
jurisdictional assertions will not invoke the jurisdiction of the court of appeals. See Riewe,
13 S.W.3d at 411. Unless the jurisdiction of the appellate court is invoked, the appellate
court has no jurisdiction over the appeal and must dismiss the matter. See Slaton v. State,
981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo v. State, 918 S.W.2d 519, 523 
(Tex.Crim.App. 1996). 

 Appellant's notice of appeal does not show that appellant desires to appeal from
either a judgment or an order, much less from one that is final or appealable. The form of 


appellant's notice of appeal is not sufficient to invoke our appellate jurisdiction. 
Accordingly, we dismiss the appeal for want of jurisdiction. 

 

 Phil Johnson

 Justice






Publish.



1. Further reference to the Rules of Appellate Procedure will be by referencing "TRAP
_."